(120 So. 18)

No. 28995.

## CONSOLIDATED COS., Inc., v. RAYNE (SONGY, Garnishee).

Jan. 2, 1929.

Rehearing Denied Jan. 28, 1929.

Paul G. Borron and S. R. Hebert, both of Plaquemine, for appellant.

Jules A. Carville, of Plaquemine, for appellee garnishee.

ROGERS, J. The Consolidated Companies, Inc., of the parish of Iberville, obtained a judgment by default against one H. M. Rayne, a resident of the same parish, for the sum of $3,738.72, representing the balance due on an open account. Subsequently, in an attempt to execute its judgment, the plaintiff company

caused one Edward Songy, the father-in-law of the judgment debtor, to be made a party garnishee. Songy, the garnishee, returned negative answers to the interrogatories propounded to him, and a rule for judgment pro confesso was taken against him by plaintiff for the full amount of the judgment. Pending judicial action on this rule, plaintiff, with full reservation of its rights thereunder, filed a petition traversing the answers of the garnishee. In due course, the court below rejected plaintiff's demand for a judgment pro confesso, with full reservation of his rights to traverse the garnishee's answers. No appeal, so far as the record discloses, was taken from this judgment. The court below, after a trial, also dismissed the rule to traverse, rejecting plaintiff's demands against the garnishee thereunder. From this judgment, plaintiff is prosecuting the present appeal.

The basis of the plaintiff's demand against the garnishee is an alleged admission by the latter of the correctness of a certain statement delivered to plaintiff by Rayne, its judgment debtor, setting forth an indebtedness by the garnishee to Rayne of $2,455.70. We do not think that the record affirmatively shows this. The testimony of the garnishee, and of his son, Oliver Songy, who acted as his manager, taken as a whole, was to the effect that when the account in question was exhibited to them, although no denial was made of some indebtedness existing on the part of the garnishee to Rayne, they vehemently asserted that such indebtedness was more than offset by the indebtedness due by Rayne to the garnishee, and that, as a matter of fact, Rayne owed the garnishee instead of the garnishee being indebted to him. That this was the case was established by the uncontradicted testimony adduced on the trial of the rule to traverse the answers of the garnishee. The record shows that Rayne, plaintiff's judgment debtor, was indebted to the garnishee in the sum of $2,891 for past-due rent of the plantation store and a filling station, for cer-

tain syrup delivered to the Interstate Grocery Company, and for money loaned. This indebtedness, in the aggregate, exceeds the claim asserted on behalf of plaintiff's judgment debtor against the garnishee.

We do not find anything in the cases cited by plaintiff that estops the garnishee from opposing his claim to the claim of plaintiff's judgment debtor. On the contrary, in Monroe Grocer Co. v. J. A. Perdue & Co., 123 La., we find at pages 381 and 382 of the opinion (48 So. 1004), the following statement of the law, viz.: " * * * There is no question but that the garnishee has a right to a set-off of a claim he has against his creditor to the exclusion of the plaintiff in the garnishment proceedings. The garnishee, as a creditor of his debtor, has in his hand a security of which he cannot be divested, if the indebtedness falls within that category of debts which can be pleaded in compensation." It cannot be disputed that the respective claims of the garnishee and his debtor are mutually compensable.

Our conclusion is that, on the evidence as disclosed by the record, plaintiff is not entitled to a judgment against the garnishee.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., takes no part.